United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons who have the immanent form of business before the Honorable United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention. For the Court is now sitting. Godspeed to the United States and this Honorable Court. Good morning. I'd like to begin by welcoming Dr. John Fort and the students from Wofford College. And I just wanted to say how pleased and delighted we are to have you with us. I hope that whatever snow there was in the Greenville-Spartanburg area was not as severe as what we faced here. Mr. Roberts. May it please the Court. My name is Dave Roberts and I represent Petitioner Francisco Mena. The Court should grant the petition for review in this case because the BIA erred in concluding that Mr. Mena's offense was categorically a theft offense as that term is used in the Immigration and Nationality Act. The term theft offense includes only those offenses that either are or include theft. Mr. Mena's offense of conviction was not a theft offense because it reaches the receipt of embezzled property, property that was taken with the consent of its owner. The BIA erred in rejecting this straightforward conclusion and instead construing the term theft offense so that the INA impermissibly treats less serious offenses more harshly. Now, there's no dispute here about the scope of the offense of conviction, 18 U.S. Code Section 659, its second paragraph. Nor is there a dispute that if the offense of conviction is in fact broader than a generic theft offense, that the proper remedy is to grant the petition and remand for further proceedings. Does that require us or may we in this circumstance take a good look at what embezzlement actually means vis-à-vis theft? Can we do that since that is in the statute and we can look and see that embezzlement is, the embezzlement may not be or could be a theft statute? Do you see any distinction with embezzlement? Can you see how embezzlement could be and may be a theft statute? Your Honor, there are certain forms of embezzlement and certain ways of committing embezzlement and falling within an embezzlement criminal statute that arguably in some circumstances could… All right, so what do we do with that then? The answer, Your Honor, is… That's what I'm looking for, the answer. The fact is that the embezzlement conviction need not involve a theft-style embezzlement. How can it do that? I mean, you're stealing from somebody and taking without their permission. Do you know what embezzlement is? No, Your Honor. It's not? It's certainly not limited to that, Your Honor. What other kind of embezzlement is there? I'll refer, Your Honor, it's the Moore decision. It's cited in our opening briefs. I've never seen an owner of funds that is, when finding that those funds were embezzlement, say, oh, great, you did it with my consent. Certainly, Your Honor, and I understand… The very definition of theft is that you take something from someone else without that individual's consent. And when you embezzle something, it is furtive and secretive in the vast, vast majority of cases. And the reason it's done furtively and secretly is because if it were done openly, the person from whom the funds were embezzled would never give their consent. Your Honor, it is true that embezzlement often involves this sort of furtive style taking as you describe. It almost always does if it does it exclusively. Yes, Your Honor. And the important… Well, that doesn't help you. What does help me, Your Honor, is the fact that embezzlement is not limited to those styles of takings. And, in fact, even the BIA below recognized that because the offense of conviction reaches embezzlement, it is not categorically a theft offense. It is, of course, an admittedly unconventional definition of consent that the BIA uses and that this Court adopted. But isn't your starting point, though, for embezzlement that the initial entrustment of funds is with consent? That's often so, Your Honor. And so we could be dealing with saying… But you really aren't… And I think that that's a very good question, and I suspect that's where you wanted to start. But that's not where you're starting. You're trying to make some kind of argument that an embezzlement is a theft sometimes without consent. Isn't that what you're arguing? Your Honor, I'm arguing that embezzlement is a… Just get straight. Just answer my question. Are you trying to argue that embezzlement sometimes occurs without the initial consent for the embezzler to have the property? It is possible depending on the embezzlement statute. My point, Your Honor, and I hope this… In the main course, the main strain, the main type of embezzlement cases, that's not what embezzlement is. Do you think? Embezzlement, no. That would just be a different kind of theft, wouldn't it? Conversion or something like that. Not for purposes of the Immigration and Nationality Act, Your Honors. And specifically, that's because in the Solomon decision from 2005 in this court, the court said that theft is a taking without consent. It distinguished this sort of taking without consent, this open taking without consent, a purse snatcher or anyone else, from someone who embezzles funds that, say, have lawfully come into their possession. It's for this reason that the BIA below has agreed the statute of convictions, section 659, because it reaches embezzlement, is not categorically a theft offense. But if we look… Go ahead. Well, doesn't your starting point, though, for embezzlement have to be that, for lack of a better word, embezzlement categorically involves an initial entrustment of funds that is with consent? As a categorical matter, yes, Your Honor, and it reaches all manner of takings that are initially done with consent. That's not what you've been arguing for the last four or five minutes. It's exactly contrary to what I thought you were arguing, because you kept saying in the normal course it does that, but in not all cases. The argument has been inconsistent with your answer to that question. I apologize for the confusion, Your Honor. No apology. I mean, how do you reconcile it? I would reconcile it by means of the categorical approach. That's not an answer. Do you think – well, it's an answer, I guess, but it's not the answer that answers my question. The question is, do you think embezzlement, for your argument, necessarily begins with coming into possession with permission and then the theft occurring later? Yes or no? Necessarily no, Your Honor, but as a categorical matter, it reaches both kinds of takings. But even if the consent is to an assignment of the funds, there's absolutely no consent to what the embezzler does with the funds. In other words, you may entrust funds to someone for a particular purpose, but you don't entrust them. There's no consent to take those same funds and use them for personal gain or use them to the owner's detriment or anything of the sort. That's true, Your Honor. Otherwise, it wouldn't be a crime. The reason it's a crime to begin with is because it is a theft, and it's a theft without consent. That's the reason it's made a criminal offense. Because there's no consent. If there were consent, there would be no crime. That is true for purposes of many substantive criminal statutes, Your Honor. But it's true, and you'll see this from everywhere, from Black's Dictionary to a number of other sources, that the substantive criminal statutes, embezzlement, larceny, theft by false pretenses, what have you, that it is true that the sense of consent that is used there, by definition, it has to be without the owner's pure, true, authentic, real consent for there to be a crime at all. But that's not the line. Is that true in the underlying crime in this case, second paragraph of 659? The second paragraph of section 659, Your Honor, reaches embezzlement, receipt of embezzlement and stolen property, and so it would be a crime. But isn't the fact that Congress distinguished between stolen property, which would denote theft, and embezzlement, which might connote fraud, isn't that distinctive for your case? No, Your Honor, it's not. Are you sure about that? I am sure that, and let me make sure I understand. You are sure, but you wish you weren't. I just want to make sure that I understand Your Honor's question to make sure I haven't erred in misperceiving it. You're referring to Congress's inclusion in section 659, the second paragraph, of both embezzled and stolen property. Right. It would seem like the argument would be, certainly if I were the government, that I would say embezzlement and stolen is a distinction without a difference in 659, because otherwise, if it is a distinction with a difference, then stolen property would seem to have included all property that was obtained by theft, and embezzlement would be something else, which I would assume you would argue would be property that was obtained by fraud. Generally speaking, yes, Your Honor. Property obtained by receipt of embezzled property would be property obtained by fraud. For purposes of section 659- Isn't that kind of the basis of your argument? Yes, Your Honor, that generally speaking, and certainly under the categorical approach, that receipt of embezzled property reaches property that was taken without- Ralph Anderson equated the two when he said, whoever has enough possession knowing the same to have been embezzled or stolen. It did what the states had been doing, which is to consolidate all of these different theft offenses, whether it's extortion, theft, embezzlement, larceny, receipt of stolen goods. Why should we just be chopping it up and saying, well, this is really not a theft offense and everything, when you have 659 as a statute that seems to equate the knowing of receipt of embezzled or stolen property as being one and the same, and then APUSC 1101 has a generic theft offense which includes purely for illustrative purposes the receipt of stolen property? The reason to distinguish between those for purposes of section 1101, the aggravated felony context, is because that's what this Court has done in multiple of its decisions. Not only the Solomon decision that I referenced, Your Honor, but specifically I would refer, Your Honor, to the Omar Gharib case. That case dealt with the Virginia statutory codification of common law larceny. And in fact, that offense had as an element the term without consent. Even so, this Court ruled that because that element is applied to reach both fraudulent takings and classic theft takings, that it was not categorically a theft offense for purposes of immigration. This isn't a question of fraud, which is, you know, a false, a knowing false misstatement upon which there's reliance. This is a question of theft. It's taking something from someone which the owner never consented that it be used for the purpose that the taker has taken it from. And do we really think that Congress in 1101 meant to say, oh, well, no problem. It's just embezzlement. I mean, you know, Duane S. Alvarez says we're supposed to be a little bit practical about this kind of thing. And that 1101 seems to be generic. It begins with a theft offense. And then it says including receipt of stolen property, which is including but not limited to. And it's clear that Congress wanted a broad, generic theft offense. And, I mean, I think a person on the street would be astonished in terms of plain meaning if we said embezzlement isn't a theft offense. It's just the owner consented in some way to what happened here. I mean, the term carries a horribly pejorative connotation. And it's criminalized for the very reason that there isn't consent. It is true that it is criminalized, and I would not dispute that for a moment. And, in fact, Mr. Amino was convicted of this very thing. What my argument is is that for purposes of the INA, a theft offense must in some way be traceable to a theft. And that without this core limitation on the scope of 1101, not only would you risk blurring the line between theft-style offenses and fraud-style offenses, but that you would impermissibly— to obtain somebody's assets, and obtaining them in a normal embezzlement case, and then forming the intent to steal the money once you had it properly. Do you acknowledge there's a difference in that, too, as far as when the intent to commit the act occurs in the normal case? For purposes— Yes or no? No. Just in general view of the law, you don't realize—you don't acknowledge that in the normal embezzlement case, the timing, the temporal nature of the criminal intent to do the act, and the act arises differently than the receipt of the assets into your hand. You don't acknowledge that? Your Honor, the— I'm asking, you don't acknowledge that about embezzlement? About embezzlement, no specifically, and may I try to answer your question? No, no, no. Just answer that question for me. You don't see that the offense of embezzlement incurs in the normal course a criminal intent that is formed after or does not necessarily have to occur at the time the assets come into one's possession. It seems to me that's simply incorrect. Yes, and— Correct? Not under substantive criminal law, Your Honor. As to the timing, well, okay. I want you to think about that. I don't think you want to leave the court with that answer because I don't think you think that. All right. Thank you, sir. Understood. Thank you, Your Honor. Do you need the parenthetical to win this argument? No, Your Honor, we do not. The first point is that theft, as it is generally understood and as states have construed it using general statutes, does tend to include embezzlement. Now, as a separate and alternative point, the Board's decision is fully supportable on the basis that theft offense plus the parenthetical means something greater. It is an expander, and that is what the Board's precedent decisions have said, and that is what the Board's decision in this case also said. So you say it's a permissible reading of the statute to include the parenthetical as an expander rather than a contractor. Exactly, Your Honor, and that's our alternative argument. First is the plain meaning of the statute argument, and alternatively, should the court find that the statute is… But that parenthetical argument runs contrary to almost all law that I've seen, either at the Supreme Court or here. Don't we almost, as a given, count a parenthetical saying including to be just a lesser description of the preceding word? Isn't that the normal course? That is one course, but it is… No, no, that's not what I asked you. I said, isn't that the normal course? Isn't that what the general rule is? Yes, Your Honor, the general rule is that parentheticals can be subsets, however… That's one way, so I want you not to help yourself out by answering something other than my question. And now in light of that, why would we accept your argument that you can say that this is contrary to what the general rule is, which you admit is not sort of a lesser included or an example of? It's not a lesser included because they have different elements. Theft is the first level transaction involving the first two parties. The person who owns the stuff that's being taken and the taker. That's theft. That does not include receipt of stolen property. That involves a third person, so it can't possibly be a subset because if it were a subset, it wouldn't actually be included because there's this third person who's receiving the stolen property. That isn't the classic definition of theft at all. So just looking at the plain meaning, you have to view it as an expander. Otherwise, it just doesn't make sense not to view it as an expander. Is property obtained by theft and property obtained by stealing the same thing? Your Honor, in this case, we would actually suggest no. We think that Congress very specifically used the word stolen property in that parenthetical to be more expansive than just the concept of theft itself. To use the word steal in its broad sense to get what the common person might understand to be taking something that doesn't belong to you and keeping it. That's consistent with, for instance, Black's Law Dictionary, which this court cited in the Solomon case. We asked the court again to rely on Black's Law Dictionary, which defines stolen, which is in the statute. Stealing, I'm sorry, is in the statute. Stolen goods is in the statute. Black's defines steal to include embezzling. And so the concept of theft offense plus this parenthetical, which includes receipt of stolen property, logically includes property that is obtained by stealing. And stealing can include embezzlement. To accept your argument, we then have to accept your statement for the purposes of reading the law that an act of stealing is not the same as an act of theft. Your Honor, you do not have to accept that. That's a position that we would hang a decision on and we would say publicly, everybody listen to what we say. An act of stealing is not an act of theft. Who do you explain that to? Your Honor, I perceive two questions. I'm going to try to answer them. Well, there's one. Why don't you try one? I believe Your Honor's question would be, does the court have to hang its analysis on saying there's a difference between theft and not? I think my question was clear to you. I understand it. You don't understand it? You want me to ask you again? I said to accept your position and to rule that way, do we have to accept your view that in your argument, the winning argument, suggests and entails that this phrase, an act of stealing, is not an act of theft? No, Your Honor, you do not have to accept that argument. That argument is a- Why don't you? I don't understand. The danger in a case like this is that lawyers and others begin to have too many angels dancing on the head of a pin. And it gets very arcane quickly. And I don't understand why you can't cut to the chase on this and say that 1101 is the generic offense. It's a generic theft offense. Congress wrote broadly and included in the generic theft offense the receipt of stolen property. And the states, in fact, have been grouping them all as a theft offense. And just common sense would suggest that it is a theft offense because you have taken something from someone that never gave consent for those funds to be used for that purpose. And, in fact, the underlying predicate in 659 equates embezzled or stolen property. It doesn't try to draw distinctions between the two. It rather groups them together as being the same order of criminal magnitude. Now- And that is our position, Your Honor. And that's got to be the simple position. But the problem is, you know, I've had cases over and over. People get, you know, just the lawyers just get wrapped around that axle. And instead of going for a very straightforward, simple thing, the way Dwayne Alvarez says, you're supposed to be practical about these kind of things. And as a practical matter, is it conceivable that Congress meant to include embezzlement as some kind of favored status, knowing embezzlement? I mean, this is the knowing receipt of stolen property. It's the knowing receipt of embezzled property. Is there some way that indication that Congress meant, oh, no, no problem, we're going to fence this off, not serious. I mean, that's not what Congress wanted. That's not the way the statute's written. That's not the way this predicate offense is written. Fully agree, Your Honor. Congress did not mean to single out receiving embezzled goods as some kind of exception that would not be criminalized. To the contrary. Congress had to sweep it in somewhere. Embezzled goods, that's taking someone else's stuff. That's theft. And Congress put it in there. It had to put it somewhere. So why would they have used it as parenthetical in subsection G, receive a stolen property, instead of receive a stolen and embezzled property? They certainly distinguished stolen and embezzled as the underlying crime in 659. Why would they do that? Because this is a one-stepper mood offense. We have on the first layer, we have theft versus fraud. Those are different offenses. They're in G versus M of the statute. Here we have something that's a layer behind that. That is getting at the markets for people. So embezzlement and stolen in 659, are they the same interchangeable terms? Embezzlement and stolen in 659? Well, they're not the same, Your Honor, because to read them as the same might render them superfluous. But they certainly overlap to a great extent. It's the same order of magnitude. Indeed. Is it identical? No. Is it the same order of magnitude? Yes. Yes, it is. They're grouped together. Yes, exactly. Well, if they're different in 659, why are they the same in 1101G? Well, it's because they are the same order of magnitude. And, again, Your Honor, this isn't an issue of whether somebody committed theft or fraud. This is an issue of what happens after you do the fraud or the theft. You turn around and you take those wrongfully obtained goods and you give them to somebody else. That's that third person who is being convicted of receipt of stolen goods. That is getting after the market that creates the incentive to steal or embezzle in the first place. And that is what Congress is getting at here. It's saying, look, this is a kind of theft offense. Just the common sense understanding, it's a theft offense. It's the same order. There's a lack of consent at two junctures in the road. The owner would never have consented to the embezzled use of the funds. Had they known the truth. Number one. And the owner would never have consented to a third party taking and making further advantage of those funds, which would create nothing but an incentive to embezzle further. So you get two junctures at which the owner would absolutely refuse consent. Absolutely, Your Honor. And in that regard, among others, this court's Solomon case is distinguishable. Because you can't, we're talking about a lack of consent in both cases. They're not, what I'm saying is it's consistent with the Solomon case. It's not. It's not a fraud case because fraud doesn't turn on consent. It turns on things like misrepresentation, knowing misrepresentations, and then reliance, and the rest. But it's a separate branch of the tree. Theft turns on consent, of which there's none here. That's the practical aspect of this. Agreed, Your Honor. It is exactly that practical aspect that the court can rest its analysis on. Now, as an alternate argument, you don't need to go where you were going. What you need to do is say just under our holding in Castillo v. Holder, we're supposed to get substantial deference to the BIA statutory interpretation of the term theft defense in subsection G, which is subsection G of 1101 of the INA. Correct. So by our precedent, there's deference. That's your alternative argument, that even if you don't agree with our very plain language meaning, we at least under circuit precedent are owed some deference for this very section of the INA, 1101 G. Quite right, Your Honor. And there are two different forms of deference, we'd ask the court. But you aren't entitled to any deference from this court if this court has already looked at an issue and decided it. Correct. You are entitled to zero deference, correct? That is correct. But that isn't, of course, Your Honor, will not be surprised to know that we believe that's not the case here. The closest case this court has decided is the Solomon case. And here's why it's different, just to mention. Solomon only interpreted theft offense, just those two words. It didn't have occasion to keep going and look at the parenthetical and that meaning. So if the court reaches that portion of our argument. Would your argument be the same if you had no parenthetical? Our argument would be the same, Your Honor, under the plain language. So the parenthetical to you and your position, the parenthetical means nothing. We don't believe the parenthetical means nothing. We believe it expands the concept. Because you can win without it, you say. Correct. We can win without it. But in Candor, as an analytical matter, we believe that under our alternative argument, if the court does not agree with our plain language interpretation. And so how do you win without it? How do you win without it? You say what? That embezzlement is a theft crime? That's what we say, Your Honor. Embezzlement is taking someone else's stuff. Oh, I know what it is. Of course, Your Honor does. And that's what theft really just is. And here we have the board. But so is taking by false pretenses. That's correct, Your Honor. You would say that's theft too? Well, false pretenses. I'm asking would you say that's theft as well? Let me paraphrase you. That's taking somebody's stuff. That's what taking by false pretenses is. Isn't it? May I have a moment to consider? I want to make sure I give the correct answer. Oh, you mean you want to think about it? Absolutely, Your Honor. I do want to think. Well, we don't want to set the precedent of always actually think before they answer. No, Your Honor. That would be a bad precedent. Is consent an element of a typical fraud offense? Consent is an element of a typical fraud offense in that you are obtaining somebody's consent fraudulently. And in that regard, a typical fraud offense is different from a theft offense in that you're taking without consent. But embezzlement is the sort of offense where you don't truly consent to the taking. To summarize then, the government believes that there are two prongs by which the court could uphold and should uphold the agency's decision. The plain reading of the statute. But I want to go back to my question that you wanted to think about before you answered and you never answered. Oh, I apologize, Your Honor. But isn't the distinction that in a generic approach, by the way, we didn't invent the generic approach to statutes. The Supreme Court likes that, so we apply it. Maybe we do like it. I don't know. It seems to me odd that in individualized sentencing we don't look at individual circumstances. We look at some kind of generic reading of the statute. But at any rate, isn't the distinction made in larceny on whether or not the obtaining the goods was done with or without the consent of the owner to make it not a theft offense? Isn't that what we look at? We look at if you obtain it with the consent, that takes it out of sort of a generic theft. Isn't that correct? If you obtain it with the consent... Right. ...that does take it out of the generic theft. And the problem you have with embezzlement is, just in a common-sense approach, is that initially the goods come into the hands of the embezzler with consent. Isn't that where the struggle over looking at that word in a generic sense? Isn't that the struggle over that word? That is a struggle over that word. Although, as my friend has conceded, there could be situations where embezzlement might involve consent, although we're prepared to assume, for the sake of argument, that embezzlement generally involves an initial lack of consent. I'm sorry, initial consent that wasn't truly ultimately consensual. You have to ask, consent for what? That's correct. You can't just say, Sure, he consented in the sense that the funds were maybe entrusted, but it's the worst form of breach of fiduciary duty or breach of duty or whatever. You can't just say, consent. You have to ask, consent for what? And in the embezzlement, the use that is made of the funds is without the consent of the owner, and that's how an embezzlement case is tried. Do you understand? You can't just say, consent. You have to say, consent for what? I do understand, Your Honor. Yes, I want your arguments to be made in a straightforward, forceful way. Very good, Your Honor. The Court should conclude that embezzlement, while it involves consent, it doesn't involve consent for the ultimate use and purpose. For the use and purpose that the funds were put. Exactly. In fact, that was contrary to the consent. It was contrary. The funds were given with a particular or they were entrusted to someone for a particular purpose. They were used for a different purpose to which the owner would never have consented, and it was for that very reason that embezzlement is criminalized. Exactly, Your Honor. Because of the absence of a consent. That's why it's criminalized. Agreed, Your Honor. That is exactly it. You said you, I want to change subjects a little bit. You said you here represented the Attorney General. I want to get this straight from my own understanding. Are you representing the administration? Are you representing the BIA? Certainly, Your Honor. Which is it? It's actually a multi-part answer. If I may. Just give me a yes or no to start with. Are you here representing the current administration? No, in the sense that I represent the United States through its agent, the Attorney General, which is, of course, the current administration, who has delegated authority over this case to the board. So, in that sense, I represent the administration, but I'm not a political person at all. I didn't ask you if you were a political person. Of course, but what I meant, Your Honor, is that. Because people go in all the time, U.S. attorneys, they go in and prosecute cases as prosecutors. They may get their job or assistant U.S. attorneys. They're career people, but they represent, under memorandums of prosecution, the administration, don't they? They do. So, you are here in a named position for the Attorney General, but you're really representing the position of BIA. That's correct. And that position of the BIA may be different than the position of the Attorney General. Yes or no? I'll just tell you why. I'm not trying to attract you. It seems to me odd that this administration, which everybody, and this is not any critique, it's just a comment. We see cases all the time. This administration is for a less punitive reading of the law. That's a general rule. Do you agree with that? The President is granting clemency, and they are prosecuting certain cases. That's prerogative in certain categories. But this is asking for a more punitive reading of the law. Do you agree with me that this is a more punitive reading of the law than the other side asks us to read it? I do agree with that, Your Honor. And that's why you say you're here for the BIA and not for the Attorney General, and this administration's view of the law? Well, Your Honor, just to be clear, I don't mean to say that I'm not here for the Attorney General. Well, whose views are you representing? And to your mind, you represent the views of the current administration or you represent the views of BIA? Your Honor, it's both. I don't mean to— You think they're consistent on how you read criminal statutes? Well, I'm not prepared— I said do you think they're consistent or don't you know? That's what I'm saying. I don't know. I'm not prepared. Okay, that's a fair answer. That's a fair answer. Thank you, Your Honor. Thank you. And if I may just briefly one sentence conclude, we would just ask the Court to deny the review petition and support the agency's reasonable interpretation of the INA. Thank you very much. Mr. Roberts, you have reserved some time for rebuttal. Thank you. Let me begin by touching on the point that Judge Shedd made during the initial argument. Theft by deception or theft by false pretenses, whatever the common law state statute or offense might be called, is generally the use of trickery at the time of the taking to obtain the goods. Embezzlement, as I understand it, is more capacious in the sense that the intent to convert or misappropriate or otherwise exceed the terms of consent that has been granted, that is an intent that can but need not be present at the time of the taking. It could arise before, during, or on the way, as it were, to deposit the check into the corporate bank account. Well, let me ask you this. You're the treasurer of a company, and I'm the president of a company, and I entrust funds to you to keep good books and to make sure that the company's books are in order and everything. And you knowingly and deliberately, as a closely held company, you knowingly and deliberately take those funds and you use them for some personal inurement or gain, can that possibly be with my consent? No, Your Honor, at least for purposes of substantive criminal law, and that's why a person who did such a taking and who misappropriated the property in that way would be punished under the substantive criminal law. The question, though, here is whether, in addition to that criminal sanction, the person is guilty of an aggravated felony. And that's not to dismiss as light or otherwise not severe the nature of the crime. Don't editorialize so much. Answer the question. Why wouldn't that count, then? Just why wouldn't it count? Under the Immigration and National Law. It doesn't affect crime. Isn't that the statute we're talking about? Yes, Your Honor. Then why don't you answer it? It would not count under the INA because the consent, the taking was not necessarily without consent when the property was obtained from the owner. Now, why do you say we have to look at the taking at the time the person was originally entrusted with the funds rather than at the time the criminal act actually occurred? Why do you say that? I'm following what this Court said first in its Solomon decision that when a theft offense occurs, property has been obtained from its owner without consent. Was it concerned with embezzlement? With concern. It was concerned with consent, right? Yes. So we come right back to where we started. I mean, we're following right on Solomon's definition, which has it turned on consent. And, you know, it's only in some theoretical sense whose mystery can be penetrated only by lawyers that you would think that this money was embezzled with the owner's or the person who entrusted consent. As a practical matter, when they're confronted with the fact that someone has embezzled funds from them or for their company, rather than smile and say, oh, yes, this was from my consent, they are angry and they are horrified, and rightly so. And that is not in any common parlance equivalent to consent. No, Your Honor, for purposes of substantive criminal law. The question, though, for purposes of determining whether this is an aggravated felony is a slightly different one. If it were true that the pure unadulterated- Why are we supposed to split these off? I mean, why wouldn't the presumption be that there would be some consistency? Congress has done differently in the text and in the structure of Section 1101. That is correct. And, you know, it's talked about a theft offense. You seem to think that that's very narrow, but I think that the combination of talking about a theft offense plus the equation and grouping of embezzled and stolen in the predicate, 659 offense, indicates an intent not to constrict but to broadly get at people who are knowingly taking property that they know doesn't belong to them. And if we're going to go back to consent, not only does the owner not consent to the original embezzlement, it would be perfectly plain that the owner does not consent either to the transmittal of embezzled funds to third parties to do whatever they wish. May I answer your question? Yes. The only- the court need not take an unpractical or unnecessarily artificial view of the INA or substantive criminal law here. The only rule that we would ask the court to adopt is that a theft offense must at some point in some way involve theft, and a contrary result would be bizarre for the reasons that I've laid out in the briefs. With that, Your Honors, I thank you for your time. We thank you. I see you're court-appointed, and I want to express the appreciation of the court for your very fine argument. We'd like to come down and greet both of you, and then we'll move on to the second case.
judges: J. Harvie Wilkinson III, Dennis W. Shedd, G. Steven Agee